FILED
2021 Nov-29  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

AMANDA JOHNSON,        )
                      )
        Plaintiff,        )    Case No. _____
v.                         )
                      )
UAB-MEDICAL WEST HOSPITAL, )
                      )
        Defendant.        )

## COMPLAINT

COMES NOW, Amanda Johnson (hereinafter Ms. "Johnson" or "Plaintiff"), and hereby files this Complaint against UAB – Medical West Hospital (hereinafter "MWH" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1.      This is an action alleging disability discrimination in violation of Title II of the Americans with Disabilities Act of 1990 (hereinafter the "ADA"), 42 U.S.C. §§ 12101 *et seq*., as amended, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. (hereinafter "§ 504"), to redress the deprivation of Plaintiff's statutory and constitutionally protected rights and retaliation in violation of the Family and Medical Leave Act of 1993 (hereinafter the "FMLA"), as amended, 29 U.S.C. §§2601 *et seq*.  Ms. Amanda Johnson is a qualified individual with a disability who has been denied accommodations and equal opportunities,

benefits and services in her employment on a continued basis.  Plaintiff is entitled to damages under Title II of and § 504.  Ms. Johnson was an employee of MWH as defined under the FMLA and is entitled to protection from retaliation under the FMLA, as MWH employed at least 50 persons within a 75-mile radius of Plaintiff's worksite and Plaintiff worked at least 1,250 hours in the 12-month period immediately preceding Defendant's retaliatory treatment.

2.     This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, 29 U.S.C. § 794a, 29 U.S.C. § 2601 *et. seq*. and 42 U.S.C. § 12133.  The unlawful practices alleged herein were committed by Defendant in Jefferson County in the state of Alabama; thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## CONDITIONS PRECEDENT TO SUIT

3.     Title II of the ADA, Section 504 of the Rehabilitation Act, and the Family and Medical Leave Act do not require the exhaustion of administrative remedies. The Plaintiff's claims under these statutes are subject to a two-year statute of limitations.[1]

---

[1]*Horsley v. University of Alabama,* 564 F. App'x 1006, 1008 (11th Cir. 2014)(applying Ala. Code § 6-2-38(l) and its two year statute of limitations to claims under Title II of the ADA and the Rehabilitation Act); *Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1409 (11th Cir. 1998)(applying Georgia's two-year statute of limitations to Rehabilitation Act claims).  Under the Family and Medical Leave Act, a Plaintiff has at least two years to file her lawsuit. *See* 29 U.S.C. § 255.

## PARTIES

4.      Ms. Johnson is a female citizen of the United  States of America, is a resident-citizen of the state of Alabama, and is over the age of 19.  At all times relevant to this action, Ms. Johnson was employed by Defendant.

5.      Defendant UAB – Medical West Hospital is an employer in Jefferson County, Alabama and because it is a recipient of federal funding is subject to suit under Title II of the ADA and § 504.[2]    Further, because Defendant employed 50 or more persons within a 75 radius of Plaintiff's worksite in each of the 20 weeks before it terminated Plaintiff's employment, it is subject to suit under the FMLA.

## FACTS

6.      Ms. Johnson began her employment with MWH on or about October 16, 2016 as a Food Service Aid, working specifically as a cashier.

7.      During the course of her employment, Ms. Johnson was trained in all other areas of the food service sector – grill cook, tray mate, and porter.  Ms. Johnson performed all duties well and was the only employee in her area who was cross trained to assume as many tasks.

---

[2] *Bledsoe v. Palm Beach County Soil and Water Conservation Dist.,* 133 F.3d 816, 820 (11th Cir. 1998)( Title II of the ADA encompasses public employment discrimination); *Garrett v. University of Alabama at Birmingham Bd. of Trustees,* 344 F.3d 1288, 1293 (2003)( the receipt of federal funds waives Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act).

8.     In May 2017, Ms. Johnson was diagnosed with chronic depression, which, as the title notes, is a chronic condition which substantially limited Ms. Johnson in performing a number of daily activities, including, but not limited to working, thinking, and concentrating.

9.     On or about March 4, 2021, Ms. Johnson requested leave under the FMLA to care for her own serious health condition.   MWH provided the FMLA certification paperwork to Ms. Johnson shortly then after and instructed Ms. Johnson to return the certification by March 19, 2021.  When Ms. Johnson presented the paperwork to her Director, Ginger Carol, to sign off on, Ms. Carol was visibly upset, as her demeanor and countenance changed after Ms. Johnson gave her the FMLA certification materials.

10.     Ms. Johnson's physician, Dr. Wallace Purdy, certified Ms. Johnson's request for family and medical leave on or about March 10, 2021, noting that Ms. Johnson suffered from a chronic condition that requires at least two treatments per year and that Ms. Johnson's physical condition included a period of incapacity for more than three (3) consecutive, full calendar days.  She returned the completed FMLA certification documentation to MWH on or about, March 19, 2021.

11.     Dr. Purdy also noted that Ms. Johnson was due to be seen in his clinic on March 29, 2021.

12.     Per her physician's direction, Ms. Johnson was off work on family and

medical leave March 26 – 29, 2021.  Ms. Johnson returned to work on Wednesday, March 30, and worked without incident or issue until Saturday, April 3.

13.    When Ms. Johnson reported to work on April 3, 2021, her supervisor, Susan Lambert, told her to clock out.  Ms. Johnson was perplexed and asked why. Ms. Lambert informed her that Ms. Carol said Ms. Johnson's attendance was an issue and prime concern.

14.    At no time did any of MWH's personnel seek to engage Ms. Johnson in conversation as to how it could possibly accommodate Ms. Johnson's condition. Also, at no time prior to Ms. Johnson requesting leave under the Family and Medical Leave Act did she ever experience any serious disciplinary action from MWH.

15.    Ms. Johnson was competent to perform a number of positions with MWH; she had never been subject to any disciplinary action and had always satisfactorily performed all her job duties.

16.    Ms. Johnson scored high on all her annual performance evaluations for the duration of her employment with MWH.

## COUNT I—Title II of the ADA (Disability Discrimination)

17.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein verbatim.

18.    Plaintiff is a person with a disability, has a history of disability and is

regarded or perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706. Defendant is a public entity subject to suit in accordance with 42 U.S.C. § 12131(1) and 42 U.S.C. § 12132 as it receives federal financial assistance.

19. Soon after Plaintiff returned to work after being off to deal with her disability, she was summarily terminated. Despite Plaintiff's disability, whether with or without a reasonable accommodation, she was, and is, able to perform the essential functions of her jobs, within Defendant. Thus, Plaintiff meets the definition of a "qualified individual with a disability" pursuant to 42 U.S.C. § 12111.

20. Moreover, Defendant did not engage in any discussion with Ms. Johnson to determine whether there was a measure that could reasonably accommodate her condition, so she could retain her employment.

21. Defendant treated Ms. Johnson with contempt when it learned of her chronic condition which substantially limited her in performing a number of major life activities, including, but limited to, working, concentrating, and thinking.

22. Defendant has intentionally and with reckless disregard discriminated against Plaintiff due to her perceived disability and has otherwise classified, and segregated Plaintiff in a way which has adversely affected her job opportunities and status due to her perceived disability, as that term is defined by the ADAAA. 42 U.S.C. § 12112, 29 C.F.R. 1630.5.

23.     Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against her in job selection assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADA.  42 U.S.C. § 12112, 29 C.F.R. 1630.6 and 1630.7.

24.     Defendant's standards, criteria and methods of administration have the effect of discriminating against the Plaintiff based on her disability; and they perpetuate discrimination of others who are subject to common administrative control.  Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity.  29 C.F.R. 1630.7.

25.     Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation.  The reasonable accommodation would cause no undue hardship to defendant.  42 U.S.C. § 12112, 29 C.F.R. 1630.9.

26.     Defendant has, too, violated the confidentiality provisions of the ADA. 29 C.F.R. 1630.13 and 1630.14 by divulging Plaintiff's confidential medical history to its employees and/or agents.

### COUNT II-The Rehabilitation Act of 1973 (Disability Discrimination)

27.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-26 above as if set forth herein verbatim.

28.     Plaintiff is a person with a disability, has a history of disability and is regarded or perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706.  Defendants is a public entity subject to suit in accordance with 42 U.S.C. § 12131(1) and 42 U.S.C. § 12132 as it receives federal financial assistance.

29.     Upon Plaintiff's return to work after taking family and medical leave due to care for her own serious health condition (disability), she was summarily terminated on April 3, 2021.  Despite Plaintiff's disability, with or without a reasonable accommodation, she was, and is, able to perform the essential functions of her job, within Defendant.  Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

30.     Defendant failed to engage in a discussion or interactive process with Plaintiff to vet measures to reasonably accommodate Plaintiff's chronic depression.

31.     Defendant has intentionally and with reckless disregard discriminated against Plaintiff due to her perceived disability and has otherwise classified, and segregated Plaintiff in a way which has adversely affected her job opportunities and status due to her perceived disability, as that term is defined by the ADAAA.  42 U.S.C. § 12112, 29 C.F.R. 1630.5.

32.     Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against her in job selection

assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADA.  42 U.S.C. § 12112, 29 C.F.R. 1630.6 and 1630.7.

33.     Defendant's standards, criteria and methods of administration have the effect of discriminating against the Plaintiff based on her disability; and they perpetuate discrimination of others who are subject to common administrative control.  Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity.  29 C.F.R. 1630.7.

34.     Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation.  Reasonable accommodation would cause no undue hardship to defendants.  42 U.S.C. § 12112, 29 C.F.R. 1630.9.

35.     Defendant has, too, violated the confidentiality provisions of the ADA. 29 C.F.R. 1630.13 and 1630.14 by divulging Plaintiff's confidential medical history to its employees and/or agents.

## **COUNT III-Family and Medical Leave Act (Retaliation)**

36.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-35 above as if set forth herein verbatim.

37.     Plaintiff sought to exercise her rights under the Family and Leave Act

to care for her own serious health condition in March 2021.

38.     When Plaintiff presented her FMLA papers to her Director, Ginger Carol, Ms. Carol's demeanor changed toward Plaintiff, and her gestures demonstrated that she was not pleased with Plaintiff's request to take family and medical leave.

39.     Plaintiff's physician certified her request for family and medical leave on or about March 10, 2021. Plaintiff was off on family and medical leave March 26-29. She returned to work on March 30. She was inexplicably, summarily, and unlawfully terminated on April 3, 2021. The only explanation provided was that management had an issue with her absences.

40.     Prior to Plaintiff exercising her rights under the Family and Medical Leave Act, she had never been subjected to any severe discipline. Moreover, Ms. Johnson always scored high on her annual performance reviews and never received a needs improvement or less in any respect or aspect.

41.     Defendant's retaliated and discriminated against Ms. Johnson for exercising her rights under the Family and Medical Leave Act of 1993. *See* 29 U.S.C. § 2615(a); 29 C.F.R. 825.220.

42.     In retaliating against Ms. Johnson for exercising her statutory rights under the Family and Medical Leave Act, Defendant failed to act in good faith and had no reasonable grounds to believe that the action(s) taken against Plaintiff were

not violative of the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant are violative of Plaintiff's rights as secured by the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794, and the Family and Medical Leave Act of 1993, § 2601, *et seq*.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant from continuing to violate the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*.

3.    Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position and compensation she would have had in the absence of disability discrimination and FMLA retaliation; (ii) back pay; (iii) front pay; (iv) liquidated damages;

(v)lost seniority; (vi) lost benefits; (vii) nominal damages; and (viii) compensatory damages.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

## <u>JURY DEMAND</u>

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL REQUESTS THAT THE CLERK OF COURT DELIVER THE SUMMONS AND COMPLAINT TO DEFENDANT AT THE ADDRESS BELOW.  THE UNDERSIGNED COUNSEL HAS PROVIDED OR WILL PROVIDE THE REQUISITE MATERIALS TO EFFECTUATE SERVICE VIA CERTIFIED MAIL DELIVERY WITH THE CLERK OF COURT DESIGNATED AS THE RECIPIENT OF THE RETURN SERVICE CERTIFICATE.**

Respectfully submitted, this 29th day of November, 2021.

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
BEEMAN LAW FIRM
P.O. Box 253
Helena, AL 35080
rlbsportsmgnt12@gmail.com
205.422.9015 (P)
800.693.5150 (F)

*/s/ Roderick T. Cooks*
Roderick T. Cooks
Attorney for Plaintiff
Alabama Bar No. 5819-O78R
Winston Cooks, LLC
351 24th Street North, Box 122
Birmingham, AL 35203
rcooks@winstoncooks.com
205.502.0970 (P)
205.278.5876 (F)

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant at the address below.  Done this 29th day of November, 2021.

*/s/Robert L. Beeman, II_____*
Robert L. Beeman, II
[ASB-1838-E63R]

**DFEFENDANT'S ADDRESS**
UAB - Medical West Hospital
        c/o Mr. W.J. Daniel
701 22nd Street South
Suite 820
Birmingham, AL 35233